IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MARIE SUE HARRELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:14-MC-3675-WKW |
| | ) | [WO] |
| DSSC, INC., and VANN A. SPRAY, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The United States District Court for the Middle District of Alabama has in place a standing order entered April 25, 1985, that refers all bankruptcy cases and related proceedings to the United States Bankruptcy Court for the Middle District of Alabama.  Unless the district court withdraws the reference of jurisdiction to the bankruptcy court, jurisdiction over bankruptcy cases and related proceedings resides with the bankruptcy court.  Through two motions, Defendants DSSC, Inc., and Vann A Spray have moved this court pursuant to 28 U.S.C. § 157(d) to withdraw the referred adversary proceeding filed by Plaintiff Marie Sue Harrelson.  (Docs. # 1, 8; *see also* Doc. # 3.)  Ms. Harrelson opposes their motions.  After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that the motions to withdraw the reference are due to be denied.

## I. BACKGROUND

In February 2014, Ms. Harrelson filed a voluntary Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Alabama. *See In re Harrelson*, No. 14-80169 (Bankr. M.D. Ala. Feb. 13, 2014).  On July 16, 2014, she brought an adversary proceeding against Global Client Solutions, LLC ("Global"), DSSC, Inc., and Vann A. Spray in connection with contractual services for the elimination of her consumer credit card debt.  *See Harrelson v. Global Client Solutions, LLC*, No. 14-80169 (Bankr. M.D. Ala. July 16, 2014).  According to the allegations in the adversary Complaint, Global is a limited liability company providing account management services for debt settlement companies and their clients; DSSC, Inc., is a debt settlement corporation; and Mr. Spray is an Alabama attorney offering debt settlement services.  Ms. Harrelson retained Mr. Spray's law firm to settle her debts on four credit card accounts, and the law firm used the business address of DSSC.[1]  Pursuant to her agreements with Mr. Spray's law firm and Global, Ms. Harrelson permitted automatic withdrawals of monthly fees from her bank account, which Global administered.  Ms. Harrelson alleges that Defendants did not provide any debt resolution services in exchange for her payments totaling around $3,800 and that the payment processing arrangement was illegal.

---

[1] The specifics of the relationship between Mr. Spray and DSSC are not illuminated in the pleadings.

Ms. Harrelson has amended her adversary Complaint, but it is helpful for the discussion to begin with the claims in the original adversary Complaint. Three of the four claims in the adversary Complaint arose under bankruptcy law: (1) a claim seeking to avoid allegedly fraudulent transfers under 11 U.S.C. § 548; (2) a claim for turnover of property of the estate under 11 U.S.C. § 542; and (3) a claim for violations of 11 U.S.C. §§ 526–28 of the Bankruptcy Code, which impose restrictions and requirements on debt relief agencies ("Debt Relief Agency Provisions").[2] The adversary Complaint's fourth claim alleged violations of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. §§ 1679, *et seq.* The Complaint also sought nationwide class certification of the claims under the CROA and the Debt Relief Agency Provisions pursuant to Federal Rule of Bankruptcy Procedure 7023.

On September 9, 2014, Global responded to the Complaint in the adversary proceeding with a motion to withdraw the reference to the bankruptcy court pursuant to § 157(d). Global emphasized that Ms. Harrelson had signed arbitration agreements with class-action waivers – one with the law firm of Mr. Spray in connection with her retention of that firm to negotiate settlements of her unsecured debts and one with Global in connection with a bank account established for the

---

[2] The Debt Relief Agency Provisions are part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

firm's use in representing Ms. Harrelson.  As grounds for mandatory withdrawal of the reference, Global argued that the arbitration agreements injected into the adversary proceeding issues under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16.[3]  Global further contended that withdrawal of the reference was mandatory because the adversary proceeding included a non-bankruptcy law claim under the CROA.

On September 20, 2014, after Global filed its motion to withdraw the reference, Ms. Harrelson amended her Complaint in the adversary proceeding to omit the CROA claim.  Global replied that the adversary proceeding still required substantial and material consideration of the FAA and for that reason alone, withdrawal of the reference remained mandatory under § 157(d).

On September 22, 2014, Defendants DSSC and Mr. Spray joined Global's motion to withdraw the reference, contending that, "because this is a putative class action, and for the additional reasons stated in Global's Motion to Withdraw the Reference, the district court, rather than the bankruptcy court, should preside over these matters."  (DSSC & Spray's Joinder, at 1–2 (Doc. # 3).)  DSSC and Mr.

---

[3] Global indicated that it intended to file a motion to compel arbitration after a ruling on the motion to withdraw the reference, and for illustrative purposes, it submitted that motion as an exhibit to its motion to withdraw the reference.

Spray also expressed their intention to file a motion to compel arbitration after disposition of the motion to withdraw the reference.[4]

After briefing closed on the motion to withdraw the reference, Ms. Harrelson settled her dispute with Global, and Global moved to withdraw its motion to withdraw the reference. That motion has been granted in a separate Order. On December 9, 2014, DSSC and Mr. Spray then filed a Renewed and Restated Motion to Withdraw Reference confirming their joinder in Global's motion to withdraw the reference and asserting additional arguments in support of the motion.[5] (DSSC & Spray's Renewed Mot. (Doc. # 8).)

## II. DISCUSSION

Congress vests district courts with "original and exclusive jurisdiction of all cases under title 11" of the United States Bankruptcy Code. 28 U.S.C. § 1334(a). However, Congress allows district courts to refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to their bankruptcy judges. 28 U.S.C. § 157(a). Pursuant to § 157(a), the Middle District of Alabama has entered a General Order of Reference that automatically refers all cases arising under or related to title 11 to the district's

---

[4] On October 23, 2014, the bankruptcy court entered an Order staying proceedings pending this court's determination on the motion to withdraw the reference.

[5] The arguments in Global's motion are now solely DSSC's and Mr. Spray's through their adoption of the motion. In Part II, the court attributes Global's arguments to DSSC and Mr. Spray and refers to DSSC and Mr. Spray collectively as "Defendants."

bankruptcy court. *See* General Order of Reference: Bankruptcy Matters (M.D. Ala. Apr. 25, 1985). While the reference to the bankruptcy court is automatic, there is a statutory provision that mandates withdrawal in some circumstances and permits it in others. *See* 28 U.S.C. § 157(d).

A motion for withdrawal of the reference "of a case or proceeding shall be heard by a district judge." Fed. R. Bankr. P. 5011. The movant bears the burden of demonstrating that § 157(d)'s mandatory-withdrawal provision applies. *See In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 953 (7th Cir. 1996); *Abrahams v. Phil-Con Servs., LLC*, No. 10-326, 2010 WL 4875581, at *3 (S.D. Ala. Nov. 23, 2010). If the movant meets its burden, the district court presides over the adversary proceeding instead of the bankruptcy court. *See generally In re King Mem'l Hosp.*, 767 F.2d 1508, 1510 (11th Cir. 1985) (A ruling on a motion to withdraw the reference "essentially only determine[s] the forum in which final decisions will be reached.").

Section 157(d)'s mandatory provision is at issue. Withdrawal is mandatory if, upon a party's "timely motion," the district court "determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." § 157(d).

Two opposing standards have emerged from case law for analyzing whether a proceeding involves "consideration" of both title 11 and non-federal bankruptcy law under § 157(d)'s mandatory provision. The first standard embraces a literal reading of § 157(d). It requires withdrawal "if resolution of the dispute requires *any* consideration of a non-title 11 federal law." *Walker v. LVNV Funding, LLC*, No. 5:14mc2057, 2014 WL 7409525, at *1 (N.D. Ala. Dec. 31, 2014) (emphasis added) (noting but ultimately rejecting this standard). This standard relies upon "the absence of any qualifying or narrowing term associated with the term 'consideration.'" *Rodriguez v. Countrywide Home Loans, Inc.*, 421 B.R. 341, 348 (S.D. Tex. 2009). In other words, mandatory withdrawal prevails "regardless of the substantiality of the legal questions presented." *Hvide v. Kimbrell* (*In re Hvide Marine, Inc.*), 248 B.R. 841, 844 (M.D. Fla. 2000) (citation and internal quotation marks omitted).

The second standard requires withdrawal of the reference "'only if the court can make an affirmative determination that resolution of the claims will require substantial and material consideration of those non-Code statutes' which have more than a *de minimis* impact on interstate commerce." *DePaola v. Price (In re Price)*, 2:06mc3317, 2007 WL 2332536, at *2 (M.D. Ala. Aug. 13, 2007) (quoting *TPI Int'l Airways, Inc. v. Fed. Aviation Admin. (In re TPI Int'l Airways)*, 222 B.R. 663, 667 (S.D. Ga. 1998)). Courts that employ the substantial and material

standard "have expressed concern that parties could undermine Congress's intent to give district courts the discretion to refer Title 11 cases to bankruptcy courts by alleging insubstantial claims involving non-bankruptcy code federal law." *Id.*; *see also In re Vicars Ins. Agency*, 96 F.3d at 953 (observing that a literal reading of § 157(d), "which makes withdrawal virtually automatic, reads out of the statute both district court discretion and any 'consideration' whatsoever").

The Eleventh Circuit has not had an occasion to weigh in on the appropriate standard under § 157(d), but the majority of district courts confronted with the issue have adopted the substantial and material standard. *See Slaughter v. LVNV Funding, LLC*, No. 2:14mc2050, 2015 WL 627954, at *1 (N.D. Ala. Feb. 12, 2015) (observing that under § 157(d)'s mandatory withdrawal provision, "[m]ost courts . . . , including all district courts within the Eleventh Circuit that have considered the issue," have opted for the substantial and material standard (collecting cases)).

This court aligns with the district courts in the Eleventh Circuit and finds that the sounder approach and the one more congruous with § 157(d)'s purposes is the substantial and material standard. Adopting this approach, the court finds that § 157(d) requires mandatory withdrawal if the movant demonstrates that (1) the adversary proceeding "involve[s] a substantial and material question of both title 11 and non-bankruptcy code federal law," (2) the non-bankruptcy code federal law

has "more than a *de minimis* effect on interstate commerce," and (3) the motion for mandatory withdrawal is timely. *Astro Tel, Inc. v. Verizon Fla., LLC (In re Astro Tel, Inc.)*, No. 8:11mc59, 2011 WL 4551571, at *2 (M.D. Fla. Sept. 30, 2011).

The second and third requirements are not in contention. As to the second requirement, the FAA only applies to "[a] written provision in any maritime transaction or a contract evidencing a transaction involving commerce." 9 U.S.C. § 2; *see also* 9 U.S.C. § 1 (defining "commerce" to include interstate commerce); *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 277–78 (1995) (broadly interpreting the FAA's interstate-commerce requirement to include all activities that merely affect interstate commerce). Because interstate commerce is indispensable to the FAA, its effect on interstate commerce is more than *de minimis*. As to the third requirement, Global filed its motion to withdraw the reference, which DSSC and Mr. Spray joined, less than two months after the adversary proceeding commenced and during the proceeding's earliest stages. On this record and absent any argument to the contrary, the motion is timely.

The only requirement in dispute is the first. Under the substantial and material standard, "mere application of federal law does not make withdrawal mandatory; withdrawal is only mandatory when 'complicated, interpretive issues' are involved, especially with matters of first impression or where there is a conflict between bankruptcy and other laws." *Holmes v. Grubman*, 315 F. Supp. 2d 1376,

1379 (M.D. Ga. 2004) (quoting *In re Hvide Marine*, 248 B.R. at 844). In other words, withdrawal is not mandatory "when only a simple application of well-settled law is required." *Homeland Stores, Inc. v. Burrs (In re Homeland Stores, Inc.)*, 204 B.R. 427, 430 (D. Del. 1997) (citation and internal quotation marks omitted). The Seventh Circuit similarly has concluded that to satisfy the substantial and material standard of § 157(d), consideration of the non-title 11 issues "must require the interpretation, as opposed to mere application, of the non-title 11" law or the "analysis of significant open and unresolved issues regarding the non-title 11 law." *In re Vicars Ins. Agency*, 96 F.3d at 953; *see also Abrahams*, 2010 WL 4875581, at *2 (citing with approval the standard enunciated in *In re Vicars Insurance Agency*). Based upon the foregoing authorities, withdrawal of the reference under § 157(d) is not mandatory if there is sufficient case law on the particular issue of non-title 11 law such that the bankruptcy court need only apply existing law, rather than resolve a new issue of law.

Under the substantial and material standard, § 157(d) does not limit "consideration" of the non-title 11 issue to a cause of action. For example, an affirmative defense will suffice so long as it invokes consideration of a non-title 11 issue that satisfies the substantial and material standard. *See In re Hvide Marine*, 248 B.R. at 844 (explaining that, under the substantiality test of § 157(d), the affirmative defense "must demand more than a straightforward application of the

law. It must rise to the level of requiring a decision on a matter of first impression or of conflict between bankruptcy and other federal law.").

Based upon the Amended Complaint, Ms. Harrelson's adversary proceeding no longer encompasses a federal-law claim outside of title 11. The claims rest entirely on title 11 law. On the face of the Amended Complaint then, there is no claim that necessitates substantial or material consideration of non-bankruptcy federal law. Ms. Harrelson contends that the Amended Complaint's removal of the sole non-title 11 claim, *i.e.*, the CROA claim, renders any consideration of non-bankruptcy laws tangential. Defendants counter that Ms. Harrelson's "amendment of convenience to drop the federal CROA claim did not change the call for mandatory withdrawal." (DSSC & Spray's Renewed Mot., at 6.) They contend that under § 157(d), the adversary proceeding still requires consideration of title 11 laws, as well as "other laws of the United States regulating . . . activities affecting interstate commerce," namely, the FAA. Defendants argue that a "central non-bankruptcy issue" concerns the enforceability of the arbitration agreement between Ms. Harrelson and Mr. Spray's law firm and that the FAA issues "exist independent of [the] substantive causes of action." (DSSC & Spray's Renewed Mot., at 6.) Defendants rely, therefore, on an affirmative defense, namely, the existence of an arbitration agreement, for their argument that resolution of the adversary proceeding will require substantial and material consideration of the

11

FAA. *See generally* Fed. R. Civ. P. 8(c)(1) (enumerating arbitration as an affirmative defense); Fed. R. Bankr. P. 7008 (providing that Federal Rule of Civil Procedure 8 "applies in adversary proceedings"). Moreover, Defendants argue that "no bankruptcy court in the Eleventh Circuit . . . has analyzed or addressed questions involving the FAA – and an express class action waiver in an arbitration provision – in the context of a Bankruptcy Rule 7023 class action case, such as is present in this case." (DSSC & Spray's Renewed Mot., at 8 n.7 (emphasis omitted).)

Based upon the parties' arguments, the sole issue on the motion to withdraw the reference is whether resolution of the claims in the adversary proceeding requires substantial and material consideration of the FAA. Defendants are correct that the court – be it the district court or the bankruptcy court – will have to resolve whether the agreement entered into between Ms. Harrelson and Mr. Spray's law firm requires arbitration of Ms. Harrelson's individual claims and whether the class-action waiver provision in that agreement is enforceable. But under the standard countenanced by the majority of courts and adopted here, Defendants have not met their burden of showing that these disputed issues require substantial and material consideration of the FAA within the meaning of § 157(d).

There is no serious argument that, as a general matter, there is well-established and full-bodied case law from the United States Supreme Court and

Eleventh Circuit interpreting and applying the FAA. Additionally, in recent years, the Supreme Court has issued decisions that shed light on the subject of the FAA and class-action waivers. *See Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304 (2013) (providing guidance for analyzing whether a federal statute contains a congressional command that overrides a class-action waiver in an arbitration agreement); *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1750–51 (2011) (holding that § 2 of the FFA preempts state-law rules that void consumer arbitration agreements with class-action waivers); *Stolt-Nielsen S.A. v. Animalfeeds Int'l*, 559 U.S. 662, 684 (2010) (holding "that a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so"). Defendants themselves agree that "[t]he fact that Harrelson filed her Complaint in a bankruptcy court does not change the fact" that the FAA governs the enforcement of the arbitration agreement. (Mot. to Withdraw the Reference, Ex. 2 (Doc. # 1, at 43).)

Defendants point out, however, that the arbitration issues here arise in the context of an adversary proceeding and that, therefore, an important threshold issue exists, namely whether the enforcement of the arbitration agreement would create an inherent conflict between the FAA and the bankruptcy code so as to trump the FAA's mandate for enforcement of arbitration agreements. But again, as Defendants themselves recognize (*see* Doc. # 1, at 43), the Eleventh Circuit has set

forth the principles and steps that govern this analysis. *See Whiting-Turner Contracting Co. v. Electric Mach. Enters., Inc. (In re Electric Mach. Enters., Inc.)*, 479 F.3d 791 (11th Cir. 2007). The bankruptcy judge assigned to this adversary proceeding is familiar with *Electric Machinery Enterprises*'s principles and has applied them with ease in multiple cases when ruling on motions to compel arbitration in adversary proceedings. *See, e.g., Yarbrough v. Green Tree Servicing LLC (In re Yarbrough)*, Nos. 07-81329-WRS, 07-08012-WRS, 2010 WL 3885046 (Bankr. M.D. Ala. Sept. 29, 2010); *Highway Solutions LLC v. McKnight Constr. Co. (In re Highway Solutions LLC)*, Nos. 07-31461-WRS, 08-3013-WRS, 2009 WL 2611949 (Bankr. M.D. Ala. Aug. 24, 2009); *Dixon v. Green Tree, Inc. (In re Dixon)*, Nos. 05-80643, 06-8054, 2007 WL 703612 (Bankr. M.D. Ala. Mar. 5, 2007). Defendants have not cited any authority demonstrating that application of *Electric Machinery Enterprises*'s principles to the claims in this adversary proceeding will be anything other than straightforward.

There are several district court decisions that persuasively provide support for this conclusion. One of those decisions is *In re Service Marine Industries, Inc.*, No. 00–579, 2000 WL 777912, at *2 (E.D. La. May 30, 2000). In *In re Service Marine Industries*, the court denied the motion to withdraw the reference filed by a creditor named in the debtor's adversary proceeding. The creditor argued that the FAA would "play a key role" in the resolution of the adversary proceeding. *Id.*

Applying the substantial and material standard, the court found that the FAA did not require "significant interpretation." *Id.* Observing that Fifth Circuit decisions had set out principles concerning the enforcement of arbitration agreements in bankruptcy court, the court found that "all that is left for bankruptcy judges to do when confronted with an arbitration clause is to apply those principles." *Id.*; *see also Lucre, Inc. v. Verizon N., Inc.*, No. 1:07cv120, 2007 WL 1521204, at *5 n.4 (W.D. Mich. May 21, 2007) (noting that § 157(d)'s substantial and material standard was not satisfied "since the suit [was] expressly based on state law (a state court rule) and the federal statute implicated, the Federal Arbitration Act, ha[d] been extensively interpreted by existing precedent"); *cf. In re Holman*, 325 B.R. 569, 574 (E.D. Ky. 2005) (reasoning that in the adversary proceeding, the bankruptcy court "w[ould] be able to apply existing Sixth Circuit law regarding the definition of a fiduciary under ERISA and the breach of a fiduciary's duties to the facts" such that withdrawal of the reference was not mandatory under § 157(d)); *Herman v. Stetler*, 241 B.R. 206, 210 (E.D. Wis. 1999) (denying a motion to withdraw the reference on grounds that, although the adversary proceeding, which sought a determination of the dischargeability of a debt, raised issues pertaining to a plan's coverage under ERISA and the debtor's status as a fiduciary, "case law [was] rich with precedent that c[ould] effectively guide the bankruptcy court in determining the ERISA issues in the instant action"). *Service Marine Industries*,

*Herman*, and *Holman* all found that mandatory withdrawal under § 157(d) did not apply because the binding case law on the particular area of non-bankruptcy federal law provided settled instruction for the bankruptcy court's application of the non-title 11 law. These decisions provide persuasive authority for the conclusion here that binding case law well equips the bankruptcy court to decide whether Ms. Harrelson's individual and class claims are subject to arbitration under the FAA.

Defendants maintain, however, that resolution of whether the arbitration agreement's class-action waiver is enforceable presents a novel issue because it arises in the context of Federal Bankruptcy Rule of Procedure 7023, but their argument offers no analysis. The nature of the novelty is undiscernible because Rule 7023 merely adopts the class-action procedures of Federal Rule of Civil Procedure 23. *See* Fed. R. Bankr. P. 7023 (providing that Federal Rule of Civil Procedure 23 "applies in adversary proceedings."). And the Supreme Court has spoken on the interplay among Rule 23, the FAA, and class-action waivers in arbitration agreements. *See Am. Express Co.*, 133 S. Ct. at 2310 (discussing whether "federal law secures a nonwaivable opportunity to vindicate federal policies by satisfying the procedural strictures of Rule 23 or invoking some other informal class mechanism in arbitration" (citing *AT&T Mobility*, 131 S. Ct. at 1748)). Defendants do not cite this authority or explain how Rule 7023

transforms the enforceability of the arbitration agreement's class-action waiver issue into an issue of first impression. The argument is not persuasive.

In sum, whether the arbitration agreement requires Ms. Harrelson to arbitrate her claims against Mr. Spray and whether the arbitration agreement's class-action waiver is enforceable do not require substantial and material consideration of the FAA for resolution of the adversary proceeding. Accordingly, Defendants have not met their burden of demonstrating that § 157(d)'s mandatory-withdrawal provision applies.

### III. CONCLUSION

Defendants DSSC, Inc., and Vann A. Spray have not shown that withdrawal of the adversary proceeding from the bankruptcy court is mandatory under § 157(d). Accordingly, it is ORDERED that their motion and amended motion to withdraw the reference of Plaintiff Marie Sue Harrelson's adversary proceeding to the bankruptcy court (Docs. # 1, 8) are DENIED.

The Clerk of the Court is DIRECTED to close this case.

DONE this 10th day of March, 2015.

                                                 /s/ W. Keith Watkins
                                      CHIEF UNITED STATES DISTRICT JUDGE